**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

January 12, 2012

Albert B. Carrozza, Esq.
P.O. Box 455
Olney, MD 20830-0455

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD  21201

**Re: Diana Lynn Fender v. Michael J. Astrue, Commissioner of Social Security, PWG-10-1521**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Diana Lynn Fender's claim for Disability Insurance Benefits ("DIB")). (ECF Nos. 7,12,16).  Plaintiff also filed a response to Defendant's Motion. (ECF No. 18).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  A hearing is unnecessary. Local Rule 105.6.  For the reasons that follow, this Court **DENIES** the Plaintiff's Motion and **GRANTS** the Commissioner's Motion.

Ms. Fender (sometimes referred to as "Claimant") filed an application for "DIB" on December 4, 2006, alleging that she became disabled on January 1, 2004, due to frequent, chronic migraines, chronic pain associated with depression, and side effects from medications and treatments. (Tr. 13, 115, 130).  After her claim was denied initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ"), the Honorable Timothy C. Pace. (Tr. 22-53, 54-56).  In a decision dated May 21, 2009, the ALJ found that although her migraine headaches and depression were "severe impairments", they did not meet or equal any listed impairment.

The ALJ also found that Ms. Fender retained the residual functional capacity ("RFC") to perform a limited range of light work[1] and that based on her RFC she was precluded from performing her past relevant work ("PRW").  After receiving testimony from a vocational expert, ("VE"), the ALJ determined that there was work available in significant numbers in the local and national economies that Ms. Fender could perform. Accordingly, the ALJ found she was not disabled within the meaning of the Act.(Tr.17-19).  On October 30, 2009, the Appeals Council denied Ms. Fender's request for review, making the ALJ's decision the final, reviewable decision of the Commissioner.(Tr. 1-4).  This appeal followed.

The Commissioner's decision must be upheld if supported by substantial evidence which is more than a scintilla, but less than a preponderance, and sufficient to support a conclusion in a reasonable mind. *See* 42 U.S.C. §405(g) (1998); *see also King v. Califano*, 599 F.2d 597 (4th  Cir. 1979); *Teague v. Califano*, 560 F.2d 615 (4th Cir. 1977); *Laws v. Celebrezze*, 368 F.2d 640 (4th  Cir. 1966). This Court may not weigh conflicting evidence, determine credibility, or substitute its judgment for the Commissioner's. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Although deferential, this standard of review does not require acceptance of a determination by the Commissioner which applies an improper standard, or misapplies the law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Following its review this Court may affirm, modify or reverse the Commissioner, with or without a remand. *See* 42 U.S.C.§405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Claimant presents several arguments in support of her contention that the ALJ's decision is not supported by substantial evidence.  For the reasons that follow, I disagree and AFFIRM the ALJ's decision.

Claimant contends that the ALJ erred by ignoring the opinions of the State Agency physician, Dr. Allan Levy, and the vocational reports of Ms. Karen Yano M.A., in finding Claimant capable of performing less than a full range of light work. *See* Plaintiff's Memorandum, pp. 8-11.  First and foremost, SSR 96-6p provides that an ALJ may afford great weight to state agency

---

[1] The ALJ found she retained the following RFC: she could lift and carry up to ten pounds and she could not bend beyond waist level. Nonexertionally, due to dizziness she should avoid unprotected hazards such as unprotected heights, steps, and moving machinery, and due to headaches and depression she was limited to tasks that did not require her to understand, remember, and carry out more than simple instructions. (Tr. 14).

physicians' opinions.[2]  More importantly, the ALJ adequately discussed all of the doctors reports submitted in this case including, but not limited to, Dr. Levy's report.  (Tr. 16, 612-614). The ALJ also explained the reasons for affording Karen Yano's vocational opinions only some weight.(Tr. 17).  For example, although Ms. Yano reported that Ms. Fender had an inability to concentrate, the ALJ noted the medical evidence of record which contradicted Ms. Yano's opinions.  For example, Dr. Levy noted that Ms. Fender answered questions directly, to the point, and that her speech was goal directed and coherent. Dr. Levy also reported that Ms. Fender's affect was sad, but it was also noted to be appropriate, pleasant, and she had good eye contact. (Tr. 16, 613).  Ms. Yano on the other hand reported that Ms. Fender is "unable to control her responses to people" and has become snappish and irritable. (Tr. 629).  The ALJ adequately discussed the inconsistencies between Ms. Yano's reports and the other evidence in the record.  When viewed in its entirety, as is required, the evidence in the record supports the ALJ's RFC determination and clearly the ALJ did not ignore the DDS physician's assessment.

Ms. Fender also argues that the ALJ erred by failing to consider the opinions of the Veterans Administration ("VA") which assigned Ms. Fender a disability rating of 80%. I find her argument without merit.  The ALJ did discuss the disability rating which the VA granted to Claimant, and noted that it was severe. (Tr. 9-10). However the ALJ also stated:

> [T]he undersigned evaluated the available evidence regarding her VA disability pursuant to SSR 06-03p, enacted August 9, 2006, in conjunction with the other evidence of record, the testimony, and her daily activities.  The undersigned notes that pursuant to 20 CFR 404.1504 and 416.904, a decision by any nongovernmental agency or any other governmental agency about whether a claimant is disabled or blind is based on its rules and is not the Social Security Administration's decision about whether he/she is disabled or blind. The Social Security Administration must make a disability or blindness determination based on Social Security law. Therefore a determination made by another agency that a claimant is

---

[2] SSR 96-6p, in relevant part, states:*3 In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources. SSR 96-6P, 1996 WL 374180 **2-**3(S.S.A.)

3

     disabled or blind is not binding on the Social Security
     Administration.

(Tr. 10).

After review of the entire record, I find the ALJ complied with SSR 06-03p and adequately considered the VA rating in his decision.

     Finally, I find that Claimants arguments that the ALJ conducted an unfair hearing, and displayed prejudice against same sex relationships completely unfounded. The Claimant has not directed the Court's attention to -- nor does the Court find -- any notations in the record that would substantiate these allegations. (Tr. 22-53).

     Therefore, I am **DENYING** Plaintiff's Motion for Summary Judgment, and **GRANTING** Defendant's Motion for Summary Judgment. A separate Order shall issue.

DATED: 1/12/12

                                         ___/s/_____
                                         Paul W. Grimm
                                       United States Magistrate